JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 7203

------------------------------------------------------x

INVOGUE LLC,

                    Plaintiff,

          -against-

SCARLETT,

                   Defendant.

------------------------------------------------------x

Civil Action No.

**COMPLAINT**

RECEIVED
AUG 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff, by its attorneys, complaining of the defendant, alleges as follows:

**Jurisdiction and Venue**

    1.     This action arises under the Lanham (Trademark) Act of 1946, 15 U.S.C. §1051 et seq., and particularly under 15 U.S.C. §1114(1), 15 U.S.C. §1125(a) and 15 U.S.C. §1125(c) thereof, and under the common law and statutory law of the State of New York. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338 and 28 U.S.C. §1367. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

    2.     Defendant is subject to jurisdiction within this district since, upon information and belief, defendant transacts business within this State, including this judicial district and/or supplies goods or services within this State, including this judicial district, has committed tortuous acts within this State, including this judicial district, and/or have committed tortuous acts outside of this State, causing injury to persons or property within this State, including this judicial district, and regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State, including this judicial district, and/or expects or should reasonably expect that the acts complained of to have consequences in this State, including this judicial district, and derives

substantial revenue from interstate or international commerce, and defendant otherwise conducts business within this State, including this judicial district.

## The Parties

3.      Plaintiff, Invogue LLC ("Invogue") is a New York limited liability company with offices and a place of business at 1400 Broadway, New York, NY 10018.

4.      Upon information and belief, defendant is a comany having an office and principal place of business at 1016 S. Towne Avenue, Los Angeles, California 90021.

## General Allegations

5.      Invogue is engaged in the manufacturing of ladies wearing apparel for sale in New York and other states in the United States.

6.      In 1997, Dalil Fashions, Inc. ("Dalil") adopted, and used the trademark "Scarlett" to identify its ladies wearing apparel.

7.      On July 8, 2003, Dalil registered the Scarlett trademark in the United States Patent and Trademark office, Registration No. 2,733,956 (hereinafter the "Scarlett Mark"), which registration is valid, subsisting and in full force and effect.

8.      Up and until April 11, 2006, Dalil continuously used the Scarlett Mark.

9.      On April 11, 2006, Dalil assigned all of its right, title and interest, in and to the Scarlett Mark to Invogue.  The assignment of the trademark from Dalil to Invogue has been filed with the United States Patent and Trademark office.  Invogue is the exclusive owner of all right, title and interest in and to the Scarlett Mark as applied to the ladies wearing apparel's and Invogue's right to use the Scarlett Mark in commerce has become incontestable pursuant to 15 U.S.C. § 1065.

2

10.    Since 1997, the sale of ladies wearing apparel under the Scarlett Mark, which has been extensively advertised and promoted, has established Invogue an enviable reputation with suppliers, wholesalers, retailers and consumers throughout the United States.

11.    The Scarlett Mark constitutes a business asset of immense importance to Invogue.

12.    As a result of said long-running use, the Scarlett Mark has acquired a distinctive recognition and identification with respect to the manufacture of first quality ladies wearing apparel such that other manufacturers, wholesalers, retailers and consumers throughout the United States have come to know and recognize such wearing apparel as being associated with and manufactured by Invogue.

13.    Upon information and belief, with actual or constructive knowledge of Invogue's above-mentioned federal trademark registration and its extensive and continuous use of the Scarlett Mark, defendant has manufactured, caused to be manufactured, offered for sale and sold women's wearing apparel, bearing the Scarlett Mark, to retailers and others, which manufacture, offer for sale has not been authorized by Invogue.

14.    Defendant was on notice that its unauthorized use of the Scarlett Mark by its manufacture and sale of garments with the Scarlett Mark constituted trademark infringement. Accordingly, defendant's activities were and are willful and wanton.

## COUNT I

### For Federal Trademark Infringement

15.    This count is for infringement of a trademark registered under the Lanham Act, 15 U.S.C. §1051 et seq., and particularly 15 U.S.C. 1114.

3

16.    The Scarlett Mark is an extremely valuable asset of Invogue.

17.    As stated previously, long after the adoption and use of the Scarlett Mark, defendant commenced its unauthorized use of the Scarlett Mark by manufacturing and selling women's apparel which infringed the Scarlett Mark. A copy of one such infringing Scarlett label is annexed hereto as Exhibit 1.

18.    Defendant's use of the Scarlett Mark is likely to cause confusion, to cause mistake or to deceive others, including manufacturers, wholesalers, retailers and consumers throughout the United States into erroneously believing that defendant's manufacturing and selling activities emanate from or are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with Invogue.

19.    The foregoing acts of defendant constitute willful and deliberate infringement of the Scarlett Mark and federal registration thereof.

20.    By reason of the foregoing, Invogue is being damaged by defendant's willful use of the Scarlett Mark in the manner set forth above and will continue to be damaged unless defendant is enjoined from using the Scarlett Mark in connection with the manufacture and sale of ladies wearing apparel.

21.    Invogue will be irreparably injured by the continued acts of defendant unless such acts are enjoined.

22.    The activities of defendant, if allowed to continue, will harm and injure Invogue in a manner not yet known, but if defendant continues to use the Scarlett Mark to identify its products, Invogue will suffer damage to the Scarlett Mark in an amount believed to be well in excess of $1,000,000.

23.    Invogue has no adequate remedy at law.

4

## COUNT II

### Claim against Defendant for Federal Unfair Competition

24.    This count is for false designations of origin and descriptions and representations, in violation of the Lanham Act, 15 U.S.C. §43(a).

25.    Defendant's unauthorized use of the Scarlett Mark in connection with manufacturing and selling wearing apparel constitutes false designations of origin and false descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

26.    By reason of the foregoing, Invogue is being damaged by defendant's willful use of Scarlett Mark in the manner set forth above and will continue to be damaged unless defendant is enjoined from using the Scarlett Mark in connection with the manufacture and sale of wearing apparel.

27.    Invogue will be irreparably injured by the continued acts of defendant unless such acts are enjoined.

28.    The continued activities of defendant, if allowed to continue, will harm and injure Invogue in a manner not yet known, but if defendant continues to use the Scarlett Mark to identify its products, Invogue will suffer damage to the Scarlett Mark in an amount believed to be well in excess of $1,000,000.

29.    Invogue hase no adequate remedy at law.

## COUNT III

## Claim for Common Law Trademark Infringement

30.    This count is for trademark infringement under the common law of the State of New York. Subject matter jurisdiction over this count is founded upon supplemental jurisdiction under 28 U.S.C. §1367.

31.    As a result of its long and continuous use, the Scarlett Mark has acquired a secondary meaning and special significance as indicating, identifying or denominating Invogue and its manufacture and sale of first quality ladies wearing apparel.

32.    Defendant's use of the Scarlett Mark in connection with its manufacture and sale of wearing apparel and related items is likely to create confusion, mistake and deception of manufacturers, suppliers, wholesalers, retailers and consumers throughout the United States into believing that the products of defendant are authorized by, licensed by, sponsored by, related to, or otherwise associated with the rights of Invogue in and to the Scarlett Mark.

33.    By reason of the foregoing, Invogue is being damaged by defendant's willful use of the Scarlett Mark in the manner set forth above and will continue to be damaged unless defendant is enjoined from using the Scarlett Mark in connection with its manufacture and sale of wearing apparel and related items.

34.    Invogue will be irreparably injured by the continued acts of defendant unless such acts are enjoined.

35.    The continued activities of defendant, if allowed to continue, will harm and injure Invogue in a manner not yet known, but if defendant continues to use the Scarlett Mark to

6

identify its products, Invogue will suffer damage to the Scarlett Mark in an amount believed to be well in excess of $1,000,000.

36.    Invogue has no adequate remedy at law.


## COUNT IV

### Claim for Violation of New York State Anti-Dilution Statute


37.    This count is for dilution under Section 368-d of the New York General Business Law. Subject matter jurisdiction over this count is founded upon supplemental jurisdiction under U.S.C. §1367.

38.    The Scarlett Mark is a famous and distinctive mark in the State of New York, by virtue of its substantial inherent and acquired distinctiveness and its extensive use in the State of New York, all of which have enabled Invogue to develop widespread recognition of the Scarlett Mark.

39.    The foregoing acts of defendant in using the Scarlett Mark to identify its products is likely to injure the business reputation of Invogue, and to dilute the distinctive quality of the Scarlett Mark. These acts constitute a violation of Section 368-d of the New York General Business Law.

40.    By reason of the foregoing, Invogue is being damaged by defendant's willful use of the Scarlett Mark in the manner set forth above and will continue to be damaged unless defendant is enjoined from using the Scarlett Mark in connection with the manufacture and sale of wearing apparel and related items.

7

41.    Invogue will be irreparably injured by the continued acts of defendant unless such acts are enjoined.

42.    The activities of defendant, if allowed to continue, will harm and injure Invogue in a manner not yet known, but if defendant continues to use the Scarlett Mark to identify its products, Invogue will suffer damage to the Scarlett Mark in an amount believed to be well in excess of $1,000,000.

43.    Invogue has no adequate remedy at law.

**WHEREFORE**, plaintiff prays for the following relief:

A.    Counts I, II, III and IV:

(1)    an order preliminarily and permanently enjoining and restraining defendant, its agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of the injunction by personal service or otherwise, from using the Scarlett Mark  or any other phrase or mark confusingly or deceptively similar thereto, or likely to cause confusion with the Scarlett Mark, in connection with the manufacture and sale of wearing apparel and related items;

(2)    an accounting of defendant's profits and an award of damages sustained by Invogue, trebled due to the willful nature of defendant's acts;

(3)    an award of punitive damages as a result of the willful, intentional and malicious nature of defendant's conduct;

(4)    an award of costs in this action, including reasonable attorneys fees;

B.    such other and further relief as the Court deems just and proper.

8

Dated: New York, New York
     August 6, 2008

                 Respectfully submitted,

                 SILVERBERG STONEHILL GOLDSMITH
                 & HABER, P.C.
                 Attorneys for Plaintiffs

By:

                 Kenneth R. Schachter (KS/8833)
                 111 West 40th Street, 33rd Floor
                 New York, NY 10018
                 (212) 730-1900

j:\clients\invogue\complaint 08.06.08.doc

9

# EXHIBIT 1

